UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-742-DJH

STEPHANIE TROUTMAN,
Administratrix of the Estate of
CHARLES R. TROUTMAN, Jr.,
Deceased,                                                                            Plaintiff,

v.

LOUISVILLE METRO DEPARTMENT
OF CORRECTIONS, et al.,                                                    Defendants.

## Memorandum Opinion

Plaintiff Stephanie Troutman ("Troutman") has filed a motion for sanctions against defendants Louisville Metro Department of Corrections ("LMDC") and Correct Care Solutions ("CCS"). (DN 91.) Both CCS and LMDC filed responses, although CCS's response was untimely by one day (DN 94-1). For the reasons stated below, the Court **GRANTS** CCS's motion to file an out-of-time response (DN 94) and **DENIES** Troutman's motion for sanctions (DN 91).

## I. Procedural History

The Court previously detailed the facts underlying Troutman's complaint in its recent order on Troutman's motion to compel, so it will not repeat them here. (*See* DN 96.) Instead, the Court will detail the issues that have cropped up during the discovery process.

The Court first learned of the parties' issues with discovery during an October 17, 2017 telephonic status conference ("TSC"). During the TSC, Troutman stated that she had served discovery requests on LMDC on June 5, 2017, but as of October 17, she had not received any

1

responses. (DN 41.) As a result, the Court reminded LMDC of its discovery responsibilities and set a deadline of November 1 to respond to Troutman's discovery requests. (*Id*.) According to Troutman, LMDC began to reply to her discovery requests on October 20 (three days after the TSC), but its responses were incomplete. (DN 91, #624.) The Court held a second TSC on December 12 to discuss the incomplete responses, and during the call, the Court learned that LMDC had been cancelling depositions up to a day before they were scheduled to take place. (DN 66.) Matters did not improve in the following weeks, which led the Court to conduct an in-person hearing on January 9, 2018. (DN 79.) There, the Court once again informed both LMDC and defendant Mark Bolton, Director of LMDC, of their discovery obligations. The Court also told Troutman that she may file a motion for fees, although, as the Court stated at the time, its statement should not be interpreted as an invitation to file such a motion. Following the hearing, the Court was satisfied that all parties present understood the message it conveyed.

On June 19, 2018, the Court granted Troutman's motion to compel certain documents from CCS. (DN 96.) Although the Court did not award all of Troutman's requested attorneys' fees, it did award fees for the preparation of a portion of her motion to compel and the costs associated with re-deposing a named defendant.

## II. Summary of Law

Troutman has requested sanctions pursuant to Federal Rule of Civil Procedure 37. Federal Rule of Civil Procedure 37 allows for a party to recover the costs associated with filing its motion to compel when the Court ultimately grants the motion, but only if certain elements are met. Fed R. Civ. P. 37(a)(5)(A). First, the movant must have attempted to resolve the discovery dispute in good faith before filing the motion to compel. Second, the opposing party's

nondisclosure must not have been substantially justified. Third, special circumstances must not make an award of expenses unjust.

## III. Analysis

### A. CCS's Untimely Response

As a preliminary matter, the Court must first determine whether to accept CCS's response to Troutman's sanctions motion because it was not filed within the period allotted under Local Rule 7.1(c). Specifically, CCS filed its response one day late (April 10 rather than April 9), and in its motion, stated that the delay was because of a firm "docketing error." (DN 94, #646.) Troutman did not file a response to CCS's motion.

Federal Rule of Civil 6(b) states that the Court may allow for a response to be filed out of time if the party demonstrates good cause and the party failed to act because of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Sixth Circuit has laid out a five factor test to determine whether a party has met the excusable neglect standard: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late-filing party acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, the balancing of the five factors weighs in favor of allowing CCS to file its response. There was very little danger of prejudice to Troutman, as the consequence of the late filing resulted with her only having one less day to file her reply, which was filed on time. As noted, the length of the delay was minimal, having only been one day. On the other hand, the

3

reason for the delay was because of CCS's error with its calendar system, something that is within its complete control. Finally, there is no evidence that CCS acted in anything other than good faith, as it filed its response the day after realizing that it was due and accepted responsibility for the delay. It is for these reasons that the Court finds that the balancing of the five factors results in a finding of excusable neglect. Therefore, the Court will deem CCS's response to be timely filed and will consider it in its following analysis.

## B. Troutman's Motion for Sanctions

Troutman requests sanctions from both LMDC and CCS for their behavior during discovery. Specifically, she seeks sanctions from LMDC because its "non-compliance with its discovery obligations has been pervasive." (DN 91, #625.) Aside from LMDC's non-responsiveness to discovery requests detailed by the Court above, Troutman points to a four-month delay in retrieving the emails of defendant James Cox and the lack of production of other emails as evidence for why LMDC should be sanctioned. (*Id*. at 626–27.) In response, LMDC points out that most of the discovery requests Troutman complains of were not formal discovery requests, but informal requests made between counsel. (DN 93, #643–44.) Besides the issues with Troutman's interrogatories and requests for production, which have since been resolved, LMDC has been responsive to Troutman's frequent informal discovery requests. (*Id*.) Regarding the sanctions against CCS (aside from the ones related to her motion to compel), Troutman states that during the deposition of defendant Donna Smith ("Smith"), she requested that CCS follow up with Smith about prior deposition testimony. (DN 91, #628.) At the deposition, Smith testified that she had been deposed approximately one year prior about another case involving an inmate suicide, but she could not remember any details about the case. (*Id*.)

Troutman requested that CCS provide her with the information concerning Smith's previous testimony, but it failed to provide her with the information following a "minimal of effort" investigation. (*Id*.)

The common thread throughout Troutman's complained-of discovery requests is that they were all informally made. The informality of the requests serves as the primary basis for defendants' objections, with both defendants essentially stating that they tried to accommodate Troutman's requests as best they could. (DN 93, #644; 94-1, #652–53.) The informality of the requests is also the reason why Troutman's motion for sanctions based on them must be denied. Federal courts across the country have routinely denied motions to compel on the basis that the discovery requests were informally made. *See, e.g., Garrison v. Dutcher*, 2008 WL 938159, at *2 (W.D. Mich. April 7, 2008); *James v. Wash Depot Holdings, Inc.*, 240 F.R.D. 693, 695 (S.D. Fla. 2006). In *Sithon Maritime Co. v. Holiday Mansion*, 1998 WL 182785 (D. Kan. April 10, 1998), the District of Kansas explained why federal courts cannot grant motions to compel when the discovery requests are informal:

> The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery. Parties must comply with such requirements in order to resort to the provisions of Fed. R. Civ. P. 37, governing motions to compel. Informal requests for production lie outside the boundaries of the discovery rules. Formal requests may be filed under some circumstances, not letter requests. Formal requests require certificates of conferring and service. Letters do not. Formal requests certify representations of counsel under Fed. R. Civ. P. 11(b). Letters do not. Formal requests clearly implicate the duties of opposing parties to respond, pursuant to Fed. R. Civ. P. 34. Letters do not. Formal requests may occasion sanctions. Letters usually do not. To treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery.

*Id*. at *2. *See also Studio & Partners, s.r.l. v. KI*, 2007 WL 896065, at *1 (E.D. Wisc. Mar. 22, 2007 (holding that an informal request for production for documents made at a deposition was

5

not an appropriate discovery request under the federal rules) (citing *Roberts v. Americable Intern.*, Inc., 883 F.Supp. 499, 501 n. 2 (E.D. Cal. 1995)).

The Court agrees with the several other districts that have considered this issue. As the *Sithon Maritime Co.* court explained, there is no clear standard on which to judge a party's response to an informal discovery request. For instance, take CCS's response to Troutman's request to follow up with Smith regarding her previous deposition testimony. The only written records available to the Court are two emails attached to Troutman's motion as exhibits. One email from Troutman to CCS requested Smith's CV, the "case style" from the previous case, and a copy of Smith's prior deposition. (DN 91-2, #631.) The response, sent several weeks later, only includes a copy of Smith's CV and an explanation of how Smith could not remember the name of the previous case. (DN 91-3, #632.) The Court is left to wonder what exactly Troutman's request was – just the name of the case, as stated during Smith's deposition (DN 91, #628), or the name of the case, the "case style," and a copy of the deposition? A formal discovery request leaves no room for doubt as to what information the party was requesting. This problem is further compounded with Troutman's request for sanctions from LMDC because the Court does not have any written record whatsoever of the communications between them. This lack of evidence renders it impossible for the Court to judge whether LMDC's responses were proper or not.

Troutman has also taken issue with the behavior of LMDC throughout the latter half of 2017, which was documented in the Court's recitation of the facts. (DN 91, #625–26.) Although the Court was disappointed in the degree of Court intervention necessary to resolve the discovery issues, sanctioning LMDC for under Fed. R. Civ. P. 37 for that conduct would be inappropriate.

Rule 37 only allows for the payment of the costs associated with bringing the motion, not for sanctions generally. Fed. R. Civ. P. 37(a)(5). Section (b)(2)(c) of the same rule enables a court to sanction a party for violating a court's discovery order, but not only has Troutman not requested sanctions under that section, she has not explained what specific sections of an order from this Court LMDC was in violation of. Fed. R. Civ. P. 37(b)(2)(C). Moreover, Troutman never filed a motion under Rule 37 compelling discovery from LMDC; the sole motion that it did file invoking that rule dealt exclusively with CCS's conduct (DN 96).

Of course, informal requests play an important role in the overall discovery process. Counsel exchanging information via email avoids most of the machinations required by the Federal Rules of Civil Procedure. But such requests are just that – requests. While desirable, attorneys are under no rules-based obligation to respond to opposing counsel's informal discovery requests. This raises one other important question: what recourse, if any, is available to a party when the opposing party informally agrees to a discovery request but then does not follow through?[1] As explained above, Rule 37(a)(5) is inapplicable here because informal discovery requests are not subject to a motion to compel, and Troutman has not sought sanctions under (b)(2)(C). Rule 26(g) likewise only deals with formal discovery requests, and Rule 30(d) is only applicable to bad faith behavior during depositions. Thus, the only remedy for failing to comply with informal discovery responses is through the Court's inherent authority to sanction bad acts. The Court has the inherent power to sanction parties for bad faith conduct that falls outside of any Federal Rule of Civil Procedure. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991). But those powers are to be exercised with "restraint and discretion" and only utilized in

---

[1] This question is only presented as a hypothetical; the Court makes no findings as to whether LMDC or CCS informally agreed to produce certain documents but then did not produce them.

certain circumstances, such as when a party willfully disobeys a court order. *Id*. at 45 (citing

*Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 259 (1975)).  This is not one

of those circumstances.

### IV. Conclusion

For the reasons stated above, the Court **DENIES** Troutman's motion for sanctions (DN

91).

cc:  Counsel of record