UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STEPHANIE TROUTMAN, as
Administratrix of the Estate of Charles
Troutman, Jr.,                                          Plaintiff,

v.                                                        Civil Action No. 3:16-cv-742-DJH-CHL

LOUISVILLE METRO DEPARTMENT OF
CORRECTIONS, et al.,                                     Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Charles Troutman, Jr. died by suicide while in the custody of the Louisville Metro Department of Corrections. (Docket No. 111) Plaintiff Stephanie Troutman, as administratrix of her father's estate, alleges that his death was the result of negligence by the LMDC and its medical staff. (*Id.*) Defendants Kimberly Brown and Donna Smith have moved to dismiss the claims against them on the ground that those claims are duplicative of the claims against their employer, Correct Care Solutions. (D.N. 116) For the reasons set forth below, the Court will deny the motion to dismiss.

**I. BACKGROUND**

The following facts are set forth in the third amended complaint and taken as true for purposes of the present motion. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

On December 21, 2014, a neighbor attacked Troutman, severely injuring him. (D.N. 111, PageID # 746) Troutman "was in a coma for an extended period of time and suffered a traumatic brain injury (TBI) as a result of the attack." (*Id.*) After the injury, Troutman increasingly abused drugs, and he was arrested for drug-related offenses on November 12, 2015. (*Id.*, PageID # 746–

1

47) Troutman was taken to Louisville Metro Department of Corrections, which contracted with Correct Care Solutions to provide the facility's medical services. (*Id.*, PageID # 745, 747) LMDC placed Troutman in a single, barred holding cell after the arrest and, while there, he attempted to strangle himself with medical gauze. (*Id.*, PageID # 747) After the incident, Dr. Donna Smith, an employee of Correct Care Solutions, evaluated Troutman "for thirty minutes." (*Id.*) Smith released him back to the general population, despite "not[ing] the history of TBI, drug abuse[,] and prior self-harm." (*Id.*) After this event, Stephanie Troutman called LMDC to make them aware of "her father's very fragile and depressed state," telling them about his prior suicide attempts. (*Id.*, PageID # 748)

Subsequently, Troutman had several altercations with other inmates, which led to a disciplinary citation and necessitated a hearing before the disciplinary body. (*Id.*) Inmates awaiting a hearing are removed from the general population and placed in the same type of single, barred holding cell in which Troutman had previously attempted suicide. (*Id.*) In order to prevent suicides, inmates are typically evaluated for suicide risk before being placed in these cells. (*Id.*) Nurse Kimberly Brown, an employee of Correct Care Solutions, received a medical clearance request for Troutman but never performed the appropriate evaluation. (*Id.*, PageID # 749) LMDC again placed Troutman in a single, barred cell, and on November 24, 2015, he died by suicide. (*Id.*, PageID # 743)

On behalf of her father's estate, Stephanie Troutman alleges that the defendants deprived Charles Troutman of his rights under the Constitution and Kentucky law. (D.N. 111) Troutman asserts claims against the employer entities, LMDC and Correct Care Solutions, as well as the employees, James Cox, Mark Bolton, Kimberly Brown, and Donna Smith, in both their individual and official capacities. (*Id.*) Defendants Brown and Smith moved to dismiss the official-capacity claims against them. (D.N. 116)

## II. STANDARD

In order to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the plaintiff has not shown that she is entitled to relief. *Id.* at 679. The complaint need not contain "detailed factual allegations," but it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). For purposes of a motion to dismiss, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett*, 561 F.3d at 488 (citing *Gunasekera*, 551 F.3d at 466).

## III. ANALYSIS

The only argument that Brown and Smith raise in their motion to dismiss is that the claims against them in their official capacities are duplicative of the claims against their employer, Correct Care Solutions. (D.N. 116, PageID # 789) Stephanie Troutman responds that the claims against Brown and Smith are not necessarily duplicative because, at this early stage of the litigation, it is not clear that Correct Care Solutions is the proper defendant. (D.N. 119, PageID # 820–21) The Court agrees that dismissal is inappropriate at this stage of the litigation.

Troutman's claims arise under 42 U.S.C. § 1983. (D.N. 111) A § 1983 claim consists of two elements: "1) the defendant acted under color of state law; and 2) the defendant's conduct deprived the plaintiff of rights secured under federal law." *Arabo v. Greektown Casino, LLC*, 533 F. App'x 492, 493 (6th Cir. 2014) (quoting *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722

3

(6th Cir. 2010)). While state action is a requirement, "it is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)); *see also Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) ("A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." (citation omitted)). Therefore, Correct Care Solutions and its employees are susceptible to suit under 42 U.S.C. § 1983. (*See* D.N. 115, PageID # 784–85 ("The Defendants admit . . . that Defendant Correct Care Solutions has a contract with Louisville Metro Government and that it is responsible for providing care to the LMDC inmates . . . ."))

When employees of the private entity are sued in their official capacities, the Court treats the official-capacity claims as claims against the employer. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally represent . . . another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978); *Lambert v. Hartman*, 517 F.3d 433, 439–40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). For this reason, judges in the Western and Eastern Districts of Kentucky "have adopted the practical approach of dismissing the official capacity claims" when the case also includes a claim against the employer. *Baar v. Jefferson Cty. Bd. of Educ.,* 686 F. Supp. 2d 699, 704 (W.D. Ky. 2010). But this practice commonly occurs at the summary-judgment stage. *See, e.g.*, *id.*; *Thorpe ex rel. D.T. v. Breathitt Cty. Bd. of Educ.*, 932 F. Supp. 2d 799 (E.D. Ky. 2013). Here, Brown and Smith do not dispute that they are employees of Correct Care Solutions (D.N. 117, PageID # 797), and Stephanie Troutman has also sued Correct Care Solutions. (D.N. 111) While the defendants argue that the Court may dismiss the official-capacity

4

claims as duplicative at this stage of the litigation, the Court reads the Sixth Circuit's decision in *Baar v. Jefferson County Board of Education*, 476 F. App'x 621 (6th Cir. 2012), as discouraging that approach.

In *Baar*, the plaintiff, a public-school teacher, sued the Jefferson County Board of Education and several of its employees in their official capacities. *Id.* at 623. On a summary-judgment motion by all defendants, the district court dismissed the official-capacity claims as duplicative before determining that the school board was not liable under 42 U.S.C. § 1983. *Id.* at 634. Although it ultimately affirmed the district court, the Sixth Circuit seemed to note that dismissal of the official-capacity claims as duplicative before addressing the entity's liability was premature and inconsistent with Sixth Circuit precedent. *Id.* at 635. The court explained:

> Had the district court addressed JCBE's liability first, and then addressed the official-capacity claims against the individual Defendants, it would have comported with several decisions of this court that approved the dismissal of official-capacity claims against individual defendants where the government entity is a party and the plaintiff fails to demonstrate that a policy or custom of the defendant government entity played a part in the violation.

*Id.* The Sixth Circuit's disapproval was also apparent in its conclusion that "[u]nder [the cited] authorities and given that the district court *(albeit after dismissing the official-capacity claims against the individuals)* properly determined that JCBE was not liable as a matter of law, we find no error." *Id.* at 636 (emphasis added).

Here, the Court has not yet addressed—nor has it been asked to consider—the question of Correct Care's liability. In light of the Sixth Circuit's discussion in *Baar*, the Court does not find it necessary or appropriate to dismiss the official-capacity claims at this stage of the litigation merely because Brown and Smith's employer is also a defendant.[1] *See Baker v. Cty. of Macomb*,

---

[1] Notably, in all of the cases cited by the defendants, the employer also sought dismissal. *See, e.g.*, *Doe v. Claiborne Cty., Tenn. ex rel. Jefferson Cty. Bd. of Educ.*, 103 F.3d 495 (6th Cir. 1996);

5

No. 13-13279, 2015 WL 5679838, at *9 (E.D. Mich. Sept. 28, 2015) ("[I]t does not appear that the Sixth Circuit affirmatively requires the dismissal of official capacity claims against an official when the government entity is also a party to the suit."); *cf. Holley Performance Prods., Inc. v. Keystone Auto. Operations, Inc.*, No. 1:09-CV-00053-TBR, 2009 WL 3613735 (W.D. Ky. Oct. 29, 2009) (allowing both unjust-enrichment and breach-of-contract claims to proceed beyond the motion-to-dismiss stage, despite the plaintiff being unable to recover on both).

## IV. CONCLUSION

Viewing the complaint at this stage in the light most favorable to Troutman, *see Tackett*, 561 F.3d at 488, the Court finds that dismissal of the official-capacity claims is not warranted. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Kimberly Brown and Donna Smith's motion to dismiss (D.N. 116) is **DENIED**.

December 4, 2018

**David J. Hale, Judge**
**United States District Court**

---

*Davison v. Rios*, No. CIV-16-374-HE, 2017 WL 9477746 (W.D. Okla. Feb. 2, 2017); *Thorpe ex rel. D.T. v. Breathitt Cty. Bd. of Educ.*, 932 F. Supp. 2d 799 (E.D. Ky. 2013); *Irons v. Transcor Am.*, No. Civ.A. 01-4328, 2002 WL 32348317 (E.D. Pa. July 8, 2002). And most, like *Baar*, were at the summary-judgment stage. *See, e.g.*, *Baar*, 476 F. App'x 621; *Smith v. Lamour*, No. 2:14-cv-90-FtM-29MRM, 2016 WL 1047097 (M.D. Fla. Mar. 16, 2016); *Thorpe ex rel. D.T. v. Breathitt Cty. Bd. of Educ.*, 932 F. Supp. 2d 799 (E.D. Ky. 2013); *White v. Deghetto*, No. 5:09-CV-139, 2010 WL 5419056 (W.D. Ky. Dec. 23, 2010).